JOURNAL ENTRY and OPINION
{¶ 1} Appellant, W.P. ("appellant"), was found delinquent by the juvenile court of rape and gross sexual imposition. Appellant appeals the delinquency finding, citing two assignments of error.
 I. {¶ 2} Appellant's second assignment of error, contending that the juvenile court's finding of delinquency was against the manifest weight of the evidence, will be addressed first. In support of his contention, appellant asserts that the case boils down to a "swearing contest" between the victim and appellant and that appellant's testimony was more credible than the victim's testimony. However, appellant's assertion is without merit.
 {¶ 3} The state presented the testimony of the victim. The victim testified that her cousin, appellant, put his penis into her vagina when she was 11 years old after pulling her pants halfway down and pulling his own pants down while they were watching a movie in the victim's brother's room. Right before the incident, the victim, her brother, and appellant were watching a movie when the victim's brother was called upstairs. When the victim's brother left the room, appellant pulled the victim's foot and she "got up on him" like she was sitting on his lap. After the appellant pulled her pants halfway down, pulled his own pants down, and put his penis into her vagina, she told him to stop and got off the appellant. The victim then left the room and went downstairs. She later went back into the room. The victim further testified that appellant, on the next day, touched her breast and vagina while she was watching cartoons with appellant and her two brothers.
 {¶ 4} Although the victim testified that she was too scared to immediately tell anyone what happened, approximately one week after the incidents, she told her friend what occurred. A few months later, the victim told her parents, who held a meeting at their house with appellant and his parents to discuss what happened. After the victim told her parents, she went to the hospital for a physical exam and began treatment with a psychologist.
 {¶ 5} The second witness the state presented was the pediatric nurse practitioner who conducted the victim's physical examination. She was found by the juvenile court to be an expert witness as to matters relating to child sexual abuse. The expert witness testified that the victim was referred to her by the county for a medical evaluation for possible sexual abuse. According to the expert witness, the victim recounted that appellant pulled her by the foot onto his lap, pulled his and her pants down, and stuck his penis into her vagina while they were watching a movie. The expert witness testified that the victim informed her that she told appellant to stop, got off his lap, and went downstairs. The expert witness further testified that the victim informed her that, the following day, appellant fondled her breasts while they were in the basement watching television.
 {¶ 6} The expert witness testified that she performed the physical exam and found that the victim had a normal external anal/genital exam, which was consistent with what the victim had described as most children of sexual abuse do not tell anyone immediately what has happened and, as a result, there is often a lack of physical evidence of abuse. The expert witness further testified that based on the language the victim used to describe the incidents, the victim's consistency of the details in telling the social worker and the expert witness, and the victim's ability to describe the incidents in a narrative form, she "didn't find anything that caused [her] to question the truthfulness of what [the victim] was telling [her]."
 {¶ 7} The last witness presented by the state was the victim's mother, who testified that the victim told her about the incidents a few months after they occurred. According to the victim's mother, the victim did not immediately disclose what happened because she was scared. The victim's mother arranged a meeting with appellant and his parents to discuss what happened and, at the meeting, appellant first denied that anything happened and later stated that it did not happen the way the victim described. Thereafter, the victim and her mother went to the police station to report the incidents.
 {¶ 8} Appellant testified that, although he did watch a movie with the victim, she did not sit on his lap, nor did he put his penis into her vagina. Appellant also denied touching the victim's breasts or vagina. Further, appellant testified that he recalled a meeting where he told the victim and her parents that nothing happened.
 {¶ 9} This court, when faced with a challenge as to the manifest weight of the evidence, must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717 ("[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.")
 {¶ 10} It cannot be said here that the juvenile court clearly lost its way in finding appellant delinquent of rape and gross sexual imposition. Although appellant argues that the victim's testimony was not credible because she could not recall if the appellant's penis was erect or if he ejaculated, the juvenile court "was in the best position to adjudge the credibility of witnesses and gives proper weight to their testimony." See, e.g.,State v. Wilson, Medina App. No. 03CA0136-M, 2004-Ohio-5184, ¶24. The juvenile court had the opportunity to evaluate first-hand the testimonies of the witnesses and compare them. Based on this court's review of the record, appellant's delinquency is not against the manifest weight of evidence. Thus, appellant's second assignment of error is overruled.
 II. {¶ 11} For his first assignment of error, appellant maintains that the trial court erred in allowing the expert witness and the victim's mother to testify as to the truthfulness of the victim. Appellant further maintains that his counsel's performance was ineffective for failing to object to the testimonies. However, appellant's argument is without merit.
 {¶ 12} Appellant relies upon the Supreme Court of Ohio's opinion in State v. Boston (1989), 46 Ohio St.3d 108, 128,545 N.E.2d 1220, for the proposition that an expert may not testify as to the truthfulness of a child's statements. In Boston, the expert witness was permitted to give her opinion that the child victim "had not fantasized her abuse" and that the child victim "had not been programmed to make accusations against her father."46 Ohio St.3d at 128. The expert witness also testified that the child victim told the truth. The Supreme Court of Ohio held that it was more than harmless error to allow the expert witness to testify as to the veracity of the child victim's statements. Id. at 129.
 {¶ 13} Here, unlike in Boston, the victim testified at trial and the expert witness did not testify that the victim was telling the truth. Instead, the expert witness testified that based on her observations of the language used by the victim in recounting what allegedly occurred and the consistency of the details the victim was able to recall, she "didn't find anything that caused [her] to question the truthfulness of what [the victim] was telling [her]." With the victim's testimony, the juvenile court was able to ascertain the credibility of the victim; whereas, in Boston, there was no independent indicia of reliability save for the expert witness who vouched for the child victim. Because of this, Boston is distinguishable.
 {¶ 14} Appellant also asserts that the victim's mother testified as to the victim's truthfulness and even cites to a page of the transcript. However, upon review of the transcript, the victim's mother did not testify as to her daughter's truthfulness and did not attempt to verify her statements. This court need not entertain appellant's assertion because there is no evidence that such testimony was given.
 {¶ 15} Finally, appellant's contention that his counsel's failure to object to the testimonies of the expert witness and the victim's mother is without merit as he cannot meet the two-prong test required under Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. As held inStrickland, in order to prevail on a claim for ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient" and "the defendant must show that the deficient performance prejudiced the defense." 466 U.S. at 687. Based on this court's analysis above, appellant cannot show that his counsel's performance was deficient, as the testimonies of the expert witness and the victim's mother were properly admitted. Thus, appellant's first assignment of error is overruled and the finding of delinquency is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Juvenile Court Division to carry this judgment into execution. The finding of delinquency having been affirmed, any bail or stay of execution pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., Concurs in Judgment only with separateConcurring Opinion.
 Cooney, J., Concurs in judgment only and concurs with separateConcurring Opinion.
CONCURRING OPINION