OPINION
{¶ 1} Defendant-appellant, James E. Smith, appeals his conviction in Butler County Court of Common Pleas on several sex-related charges. We affirm his conviction for the reasons outlined below.
 {¶ 2} Appellant was charged with two counts of rape, one count of unlawful sexual conduct with a minor, and two counts of gross sexual imposition in connection with his alleged interactions with four children who were either living in the same residence as appellant or frequently visited the residence. Appellant was found guilty of the charges by a jury and subsequently sentenced. Appellant presents four assignments of error on appeal.
 {¶ 3} We will combine appellant's first two assigned errors and will discuss the second assignment first, for ease of discussion.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "Appellant was denied his due process right to a fair trial when the trial court allowed a psychologist who had examined some of the alleged victims to testify that the girls were telling the truth, and therefore the convictions should be reversed[.]"
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "The trial court committed an abuse of discretion when it allowed the psychologist rebuttal witness to testify over defense objection[.]"
 {¶ 8} The jury heard testimony of appellant's alleged sexual contact or conduct from three of the four child victims, who were ages 14, 11, and 8, respectively, at the time of trial. The mother or relative of three of the victims and the woman with whom appellant was cohabiting ("Esther"), testified that she observed appellant engage in sexual contact with the fourth and youngest victim, who was nearly five years of age at trial.
 {¶ 9} Appellant's case included testimony from witnesses who testified that they confronted the oldest child victim ("L.T.") about the allegations. One of those witnesses testified that L.T. recanted the abuse allegations and indicated that Esther had told her what to say. Other witnesses for appellant implied by their testimony that Esther had a motive for prompting the children to fabricate their sexual abuse allegations because appellant planned to move away.
 {¶ 10} At the conclusion of appellant's case, the state asked to call on rebuttal a psychologist who had evaluated two of the child victims. Appellant's trial counsel objected, but after hearing arguments from both sides, the trial court permitted the psychologist to be called as a witness. The psychologist would later testify to her opinion that the two children she evaluated were sexually abused.
 {¶ 11} First we note that rebuttal evidence is that given to explain, refute, or disprove new facts introduced by the adverse party, and its scope is limited to such evidence. State v.McNeill (1998), 83 Ohio St.3d 438, 446. The determination as to what evidence is admissible as proper rebuttal rests within the trial court's discretion. Id. The trial court, for good reason and in furtherance of justice, may permit evidence to be offered by either side out of order and there is no prejudicial error absent a patent abuse of discretion. State v. Ewing (Apr. 14, 1999), Lorain App. No. 97CA006944; R.C. 2945.10(D).
 {¶ 12} Reviewing the record of this case and the nature of the defense presented, we cannot find that the trial court abused its discretion when it permitted the state to call the psychologist as a rebuttal witness. See State v. McQueen (June 26, 2000), Butler App. No. CA99-05-083 (where rebuttal testimony disputed defense allegations that allegations were fabrications); see, also, Evid.R. 702 and Evid.R. 704.
 {¶ 13} Appellant argues under his first assigned error that the psychologist was permitted to give improper opinion on the veracity of the two children she evaluated, and improperly permitted to opine both that the two children were sexually abused and that the two children did not appear to be coached.
 {¶ 14} An expert may not testify to the expert's opinion of the veracity of the statements of a child victim because it is the fact-finder who bears the burden of assessing the credibility and veracity of witnesses. State v. Boston (1989),46 Ohio St.3d 108, syllabus, and at 129.
 {¶ 15} In State v. Stowers, 81 Ohio St.3d 260,1998-Ohio-632, the Supreme Court noted that Boston, however, did not, "proscribe testimony which is additional support for the truth of the facts testified to by the child, or which assists the fact finder in assessing the child's veracity." Id. at 262-263. (Emphasis sic.)
 {¶ 16} A psychologist can testify as to her opinion that the child he or she is evaluating or treating is a victim of sexual abuse. Boston at 129.
 {¶ 17} While walking a finer line, we do not find error in the psychologist's testimony that the children she evaluated were consistent in what they reported verbally and what they demonstrated to the psychologist. See In re W.P., Cuyahoga App. No. 84114, 2004-Ohio-6627, at ¶ 6; State v. Demiduk (June 24, 1998), Columbiana App. No. 96-C0-16 (physician's observation that the alleged victim was consistent was simply a factor physician considered in making her analysis, and was not improper testimony to the alleged victim's veracity).
 {¶ 18} We find no error with the psychologist testifying to her interview protocols and the procedure by which she tested the child's ability to tell her story. See State v. Gersin,76 Ohio St.3d 491, 494, 1996-Ohio-114.
 {¶ 19} However, the state's question to the psychologist about whether "there [were] any indications of coaching" is a different matter. It was improper for the state to take the additional step of inquiring of the psychologist about whether these two particular victims were coached. See State v. Boston,46 Ohio St.3d at 128 (admission of testimony that child had not fantasized or been programmed to make accusations was equivalent to improperly assessing witness veracity and was reversible error).
 {¶ 20} We note that, although appellant generally objected to the psychologist being permitted to testify both before and after her testimony, appellant did not explicitly object when the specific question about coaching was asked.
 {¶ 21} What is significant from the record before us, and what we believe distinguishes this case from the facts inBoston, is that three of the four victims in this case testified before the jury about the allegations pertaining to them and the other child victims. They described specific and sometimes detailed instances of abuse.
 {¶ 22} All three of these children were subjected to cross-examination by appellant's counsel. On cross, they responded to questions pertaining to whether someone else had helped them remember or told them what to say. In this case, the jury was able to perceive the child witnesses and decide for themselves the credibility of those three child witnesses.
 {¶ 23} The fourth and youngest victim did not testify. However, Esther, the mother of that child, testified about the sexual incident she alleged she personally observed. This witness was also subject to cross-examination, and the jury was able to perceive this witness and assess her credibility.
 {¶ 24} We therefore find, under the specific facts of this case, that the question regarding coaching, while improper, did not serve to preempt the jury's role as evaluator of witness credibility, and we find it harmless beyond a reasonable doubt. See State v. Morrison, Summit App. No. 21687, 2004-Ohio-2669, at ¶ 62-66; see State v. Reid, Cuyahoga App. No. 83206, 2004-Ohio-2018, at ¶ 35-36; see, also, Evid.R. 801(D); Evid.R. 702; and Evid.R. 704. Accordingly, we further reject appellant's argument that all of the convictions should be reversed because the psychologist's testimony as to two victims tainted the case on all victims and charges.
 {¶ 25} Appellant's first and second assignments of error are overruled.
 {¶ 26} Assignment of Error No. 3:
 {¶ 27} "Trial counsel was ineffective under the sixth amendment of the constitution for eliciting further information from the prosecution's rebuttal witness concerning the alleged victims' credibility[.]"
 {¶ 28} Appellant argues that his trial counsel was ineffective when he cross-examined the psychologist and prompted responses involving the two children's veracity.
 {¶ 29} In order to establish ineffective assistance of counsel, appellant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced appellant. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. Appellant must overcome the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance and the presumption that the challenged action might be considered sound trial strategy. Id. at 689. When addressing an ineffective assistance of counsel claim, the reviewing court should not consider what, in hindsight, may have been a more appropriate course of action.State v. Everitt, Warren App. No. CA2002-07-070, 2003-Ohio-2554, at ¶ 57.
 {¶ 30} Specifically, appellant's counsel asked the psychologist the following: "[I]f what you are saying is true that you are simply saying that you believe what the children told you that day?" * * * "You are saying that you believe what the children told you that day?"
 {¶ 31} After the psychologist answered that she believed the two children's reports were credible, appellant's counsel was able to emphasize through his questioning that the psychologist was not provided with all documentation, specifically, medical reports and the information contained therein to evaluate the children's reports of abuse.
 {¶ 32} After reviewing the testimony, we find that trial counsel's conduct falls within the presumption of trial strategy. Trial counsel was attempting to show that the psychologist lacked sufficient documentation to evaluate these children, was unaware of inconsistent reports in at least one of those documents, and was simply basing her diagnosis upon their statements at the evaluation. Even a questionable trial strategy does not compel a finding of ineffective assistance of counsel. State v. Smith,89 Ohio St.3d 323, 328, 2000-Ohio-166.
 {¶ 33} Based upon our review of the record, appellant has failed to show that his trial counsel was ineffective. Appellant's third assignment of error is overruled.
 {¶ 34} Assignment of Error No. 4:
 {¶ 35} "The trial court committed an abuse of discretion when it refused to allow the jurors to see a transcript of [l.t.'s] testimony, and therefore the convictions in counts one and two should be reversed[.]"
 {¶ 36} Appellant argues that the two charges involving L.T. as the alleged victim should be reversed because the trial court refused to provide L.T.'s testimony in some form when the jury requested it during deliberations. The trial court indicated on the record that a transcript was not available and asked the jury members to rely on their memories. A court, in the exercise of its sound discretion, may cause to be heard all or part of the testimony of any witness. State v. Berry (1971),25 Ohio St.2d 255, paragraph four of syllabus. After reviewing the record, we cannot say that the trial court abused its discretion when it did not permit the jury to review L.T.'s testimony. See State v.Davis (1991), 62 Ohio St.3d 326, 339-340 (found no abuse of discretion when trial court refused request to review testimony in murder trial). Appellant's fourth assignment of error is overruled.
 {¶ 37} Judgment affirmed.
Young, P.J., and Powell, J., concur.