JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Brandon Charley ("defendant" or "Charley") appeals from his convictions for murder, aggravated robbery, and robbery. For the reasons that follow, we affirm.
 {¶ 2} This matter proceeded to a jury trial where the following evidence was presented on the record. On April 28, 2004, Ruperto Morales died as a result of being thrown from his vehicle. Two eyewitnesses testified that two transvestite prostitutes were sitting on a porch across the street. Morales stopped his car and began talking to the prostitutes. One of the prostitutes jumped into the car and began driving away. Morales yelled "hey" and grabbed onto the outside of his car on the passenger side. The driver swerved the car and collided with another vehicle, at which point Morales was sent somersaulting into the air and fell to the street. Morales was pronounced dead at the hospital. An expert witness testified that Morales' death resulted from the injuries he suffered in the described incident.
 {¶ 3} An accident reconstructionist testified concerning information retrieved from the vehicle's crash data recorder box. This witness indicated that, in the five seconds preceding impact, the car was being operated full throttle at increasing speeds without the use of the brake.
 {¶ 4} Police found defendant running from the scene bleeding. Defendant was returned to the scene but left when police were distracted by the victim's condition. Police later arrested defendant in the area.
 {¶ 5} Defendant argued to the jury that he fled in Morales' vehicle in self-defense. The State introduced defendant's statement to police. Defendant told police he was in the process of soliciting Morales when an unidentified female "crack head" told Morales that defendant was not a female. This enraged Morales who began beating defendant. In an effort to flee further assault, defendant moved into the driver's seat and drove. Morales allegedly kicked defendant in the head through the window causing him to lose control of the car and hit a parked vehicle.
 {¶ 6} Although the defense cross-examined the witnesses as to the facts alleged by defendant, none of the witnesses corroborated his version of the events.
 {¶ 7} Defense counsel also focused on the discovery of one of the victim's boots. According to police, the boot was found in the street and placed in the car before the incident was classified a homicide. The defendant suggested, through cross-examination and argument to the jury, that the boot was never in the street but came loose in the car when the victim was kicking defendant prior to impact.
 {¶ 8} The jury returned guilty verdicts on all counts and defendant was sentenced. Defendant assigns three errors for our review.
 {¶ 9} "I. Defendant-appellant was not accorded effective assistance of counsel."
 {¶ 10} It is well-settled that in order to establish a claim of ineffective assistance of counsel, defendant must show two components: (1) "`that counsel's performance was deficient'"; and (2) "`the defendant must show that the deficient performance prejudiced the defense.'" State v. Kole (2001),92 Ohio St.3d 303, quoting Strickland v. Washington (1984), 466 U.S. 668,687. However, appellate review of counsel's performance must be highly deferential. Id.
 {¶ 11} This Court has previously acknowledged that in order to show that his lawyer's conduct was unreasonable, defendant must overcome the presumption that he/she provided competent representation, and show that his/her actions were not trial strategies prompted by "reasonable professional judgment." Statev. Freeman (Dec. 14, 2000), Cuyahoga App. No. 76906, citingStrickland, supra.
 {¶ 12} The record does not support defendant's contention that his attorney rendered ineffective assistance by not calling any witnesses to support his claim of self-defense. Defendant argues that his attorney raised the issue of self-defense during opening statement and rendered ineffective assistance by not supporting this theory with witness testimony. We do not find this to be the case.
 {¶ 13} Defendant must prove the affirmative defense of self-defense by a preponderance of the evidence. Freeman,
supra, citing State v. Perez (1991), 72 Ohio App.3d 468, 472. A defendant seeking to establish self-defense must prove the following elements: "(1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger." State v. Barnes (2002), 94 Ohio St.3d 21, 24, citingState v. Robbins (1979), 58 Ohio St.2d 74, paragraph two of the syllabus.
 {¶ 14} Counsel's opening statements incorporated the inevitable disclosure of defendant's statement to the police. In his statements, defendant claimed he drove off in the victim's car as a means of self-defense. Defendant did not testify at trial. Still, defense counsel attempted to corroborate his statement through cross-examination of the eyewitnesses. The eyewitnesses did not support his claims.
 {¶ 15} Beyond the statement given by defendant, there is no other evidence to suggest a scenario of self-defense. In fact, the record evidence, including that articulated by the eyewitnesses, contradicts the theory of self-defense. The victim was observed laughing with the defendant when defendant ran into his vehicle and began driving away. The victim was heard yelling "hey" and then seen grabbing onto the outside of the car as it drove off. After the car crashed and the victim lay motionless on the street, the defendant left the scene. Although defendant was escorted back to the scene by a police officer, he said nothing about the incident or his involvement and again left.
 {¶ 16} There is no suggestion that there exists any witness(es) who would have supported defendant's claims of self-defense. Accordingly, defense counsel's inability to produce any such testimony cannot be considered ineffective assistance of counsel.
 {¶ 17} Assignment of Error I is overruled.
 {¶ 18} "II. The verdict of the jury finding defendant-appellant guilty of murder, aggravated robbery, and robbery is against the manifest weight of the evidence."
 {¶ 19} To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 20} Defendant argues his convictions are against the manifest weight of the evidence because he believes the weight of the evidence does not support the requisite elements of the charged offenses. In particular, he observes that murder under R.C. 2903.02 requires the commission or attempt to commit an offense of violence that is a felony of the first or second degree. Aggravated robbery and robbery under R.C. 2911.01 and 2011.02, respectively, require the commission or attempt to commit a theft offense. Theft is defined in R.C. 2913.02. Defendant argues the weight of the evidence does not support a theft and consequently all of the charges, ultimately dependent in this case upon the existence of an underlying theft, should be vacated accordingly. The State counters that the record amply demonstrates that appellant committed or attempted to commit a theft offense and thus defendant's convictions are not against the weight of the evidence. We agree.
 {¶ 21} The testimony of the eyewitnesses, if believed, establish that defendant ran into the victim's car and drove off as the victim protested and grabbed on to it. Thus, reasonable minds could conclude that defendant exerted control over Morales' car without his consent and with the purpose of depriving him of the car. In fact, the only evidence to the contrary is defendant's own statement to police. Defendant's convictions were not against the manifest weight of the evidence.
 {¶ 22} Assignment of Error II is overruled.
 {¶ 23} "III. The trial court erred in admitting the State's exhibits into evidence because they were prejudicial and cumulative."
 {¶ 24} Defendant argues that the trial court abused its discretion by admitting as exhibits the autopsy protocol, various autopsy photographs of the victim, and the trace evidence report prepared by the Coroner's office. (Ex. 14, 15-30 and 31). Defendant argues that the evidence should have been excluded as cumulative, unnecessary and/or because their alleged unfair prejudicial effect outweighed their probative value. Alternatively, defendant argues that the admission of the evidence was plain error.
 {¶ 25} Defendant failed to object to any of the subject exhibits and has accordingly waived all but plain error. Statev. Monroe, 105 Ohio St.3d 384, 2005-Ohio-2282, P25, citingState v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus. "To constitute plain error it must appear that `but for the error, the outcome of the trial clearly would have been otherwise.'" State v. Myers, 97 Ohio St.3d 335, 2002-Ohio-6658, P82, quoting State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus. It does not appear that the outcome of the trial "clearly would have been otherwise" if the subject exhibits had been excluded. The admission of the exhibits was not plain error.
 {¶ 26} Assignment of Error III is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and McMonagle, J., concur.