JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Deandre Benjamin ("defendant"), appeals his convictions in the Court of Common Pleas for attempted rape and kidnaping. For the following reasons, we affirm in part, reverse in part and remand for further proceedings.
 {¶ 2} On January 27, 2005, defendant was indicted by the Cuyahoga County Grand Jury for six counts of rape of a minor, in violation of R.C. 2907.02 and one count of kidnaping, in violation of R.C. 2905.01. On August 30, 2005, a bench trial began.[1]
 {¶ 3} At trial, the victim gave the following testimony: He was six years old at the time of the incident. On the night of September 15, 2004, he was spending the night at his grandmother's house. Defendant is his cousin and lives with the grandmother. Defendant gave him a bath and cleaned his "tooshy" with lotion. Defendant cleaned the lotion off with his finger but told him that his "tooshy" was not clean enough and he needed to use his "wee-wee" to clean it further. Defendant then put his "wee-wee" inside his buttocks. The victim used two dolls in the courtroom as a demonstration, with the adult doll behind the boy doll.
 {¶ 4} In addition to the victim, the State called Dr. Mary Clough, an emergency room doctor at Cleveland Clinic. She testified that she examined the victim on September 17, 2004, but did not perform any cultures or attempt to secure any physical evidence because the interview with the victim occurred more than 24 hours after the alleged incident. She advised the victim's mother to contact the police.
 {¶ 5} The State called Priscilla Benjamin, the victim's mother. She testified that she left her two children, one being the victim, with her mother on the night of September 15, 2004. She picked up the children on the morning of September 16, 2004. When they arrived at home, the victim told her that defendant used his penis to clean the victim's buttocks. The next day she took the victim to the hospital and then to the police department to make a report.
 {¶ 6} The State called Dana Huddleston-Sanders ("Ms. Sanders"), a social worker with Children and Family Services, who testified that the victim told her what happened on September 15, 2004. Ms. Sanders testified that she completed a risk assessment form as part of her investigation and made a disposition that "sex abuse was indicated."
 {¶ 7} The State called Dr. Eliot Gutow ("Dr. Gutow"), a psychiatric social worker at Kaiser Permanente, who testified that the victim told him that defendant "stuck his wee-wee in my tooshy, he told me to roll over." He testified that the victim used dolls to demonstrate that one doll was laying on its' stomach and the other doll was on top. Dr. Gutow testified that he met with the victim four times over a six- to seven-month period and that every time he was "clearly and specifically able to say alone and uncoached the exact nature of what happened to him."
 {¶ 8} The State also called Detective Joseph Marche of the East Cleveland Police Department. He testified that he interviewed the victim and the victim's mother. A short time thereafter, he presented the case to the Cuyahoga County Grand Jury.
 {¶ 9} The defendant presented one witness on his behalf: his grandmother, Bessie Anderson. Ms. Anderson testified that defendant had been living with her since November 2002. She testified that she babysat for the victim frequently. She testified that defendant often gave the victim a bath and that she told him to use lotion when he gave baths. She testified that she never saw defendant do anything inappropriate to the victim.
 {¶ 10} On September 1, 2005, defendant was found guilty of attempted rape and kidnaping.
 {¶ 11} On October 7, 2005, defendant was classified as an aggravated sexually oriented offender and sentenced to ten years in prison for the attempted rape and three years for the kidnaping, to run concurrently.
 {¶ 12} Defendant timely appeals and raises the following three assignments of error, which will be addressed out of order where appropriate.
 {¶ 13} "I. The trial court erred and denied Deandre Benjamin his constitutional right to a fair trial before an impartial jury, when it permitted an expert state witness to testify in such a way as to indicate that he believed the victim in a child rape case was telling the truth."
 {¶ 14} In his first assignment of error, defendant argues that the trial court erred in allowing the social workers, Ms. Sanders and Dr. Gutow, to testify as to the truthfulness of the victim.
 {¶ 15} In support, defendant relies upon State v. Boston
(1989), 46 Ohio St.3d 108, 128, for the proposition that an expert may not testify as to the truthfulness of a child's statements. In Boston, the expert witness was permitted to give her opinion that the child victim "had not fantasized her abuse" and that the child victim "had not been programmed to make accusations against her father." Id. at 128. The expert witness also testified that the child victim told the truth. The Supreme Court of Ohio held that it was more than harmless error to allow the expert witness to testify as to the veracity of the child victim's statements. Id. at 129.
 {¶ 16} Defendant's reliance on Boston is misplaced. First, unlike in Boston, the victim testified in this case. Accordingly, the trial court was able to ascertain the credibility of the victim; whereas, in Boston, there was no independent indicia of reliability save for the expert witness who vouched for the child victim. See In re W.P., Cuyahoga App. No. 84114, 2004-Ohio-6627.
 {¶ 17} Next, unlike in Boston, neither of the expert witnesses in this case testified that the victim was telling the truth. Ms. Sanders testified that based upon her interview with the victim, she made a disposition that "sex abuse was indicated." This Court has previously held that a county social worker is permitted to testify as to her disposition of a case because this is merely a reflection of the agency's classification of cases and not a judicial determination. SeeState v. Smelcer (1993), 89 Ohio App.3d 115.
 {¶ 18} Next, Dr. Gutow testified that in his four meetings with the victim, he was able to recall details and "clearly and specifically able to say alone and uncoached the exact nature of what happened to him." This Court has previously held that a physician is permitted to comment on the consistency of an alleged victim's statements. See In re W.P., Cuyahoga App. No. 84114, 2004-Ohio-6627. See, also, State v. Demiduk (June 24, 1998), Columbiana App. No. 96-C0-16 (physician's observation that the alleged victim was consistent was simply a factor physician considered in making her analysis, and was not improper testimony to the alleged victim's veracity).
 {¶ 19} Even if we were to find that Dr. Gutow's specific use of the word "uncoached" was improper, we find it harmless error beyond a reasonable doubt. Here, the child victim testified and was subject to cross-examination. Recent case law states that "Boston does not apply when the child victim actually testifies and is subjected to cross-examination." See State v. Curren,
Morrow App. No. 04 CA 8, 2005-Ohio-4315; State v. Fusion (Aug. 11, 1998), Knox App. No. 97 CA 000023. Accordingly, under the specific facts of this case, we do not find that Dr. Gutow's testimony preempted the trial court's role as evaluator of witness credibility. See, also, State v. Smith, Butler App. No. CA2004-02-039, 2005-Ohio-63. Moreover, in a bench trial, there is a presumption that the court considered only relevant, material and competent evidence. State v. Bays (1999), 87 Ohio St.3d 15,27, 1999-Ohio-216; State v. Larkins (Nov. 10, 1993), Cuyahoga App. Nos. 63760, 63761; State v. Cottrell (Feb. 19, 1987), Cuyahoga App. No. 51576.
 {¶ 20} Defendant's first assignment of error is overruled.
 {¶ 21} "III. Deandre Benjamin was deprived of his constitutional right to effective assistance of counsel, when counsel failed to preserve several issues for appeal."
 {¶ 22} In his third assignment of error, defendant argues that he was denied his constitutional right to effective assistance of counsel.
 {¶ 23} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. Statev. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
 {¶ 24} Here, defendant argues that his trial counsel performed deficiently by failing to object to the testimonies of Ms. Sanders and Dr. Gutow. In the first assignment of error, we held that the testimony of these expert witnesses were properly admitted. Therefore, defendant cannot show that his counsel's performance was deficient.
 {¶ 25} Defendant's third assignment of error is overruled.
 {¶ 26} "II. The trial court erred and denied Deandre Benjamin due process of law, then it found him to be an aggravated sexually oriented offender when, as a matter of law, the evidence did not support said classification."
 {¶ 27} In his second assignment of error, defendant argues that the State erred in classifying him as an aggravated sexually oriented offender. Specifically, that attempted rape is a sexually oriented offense rather than an aggravated sexually oriented offense. The State concedes this assignment of error. Accordingly, this assignment of error is sustained and the matter is remanded to the trial court for proceedings consistent with this opinion. Specifically, the trial court is instructed to vacate its prior judgment finding defendant to be an aggravated sexually oriented offender and hold a hearing for re-classification as a sexually oriented offender.
Judgment affirmed in part, reversed in part and remanded.
It is ordered that appellee and appellant shall each pay their respective costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for further proceedings.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Corrigan, J., concur.
[1] Prior to a bench trial, after a jury waiver was executed and filed, the State dismissed five of the rape counts so that the trial proceeded on one count of rape and one count of kidnaping.