JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Osiris Ali (appellant) appeals various aspects of the trial court's convicting him of kidnapping, gross sexual imposition, rape, and unlawful sexual conduct with a minor, involving his adopted sister (S.B.) when she was between the ages of 10 and 13, and his niece (D.D.) when she was 15 and 16 years old. Appellant also appeals his sentence of life in prison. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} Appellant, who was in his early-to-mid 40's when these offenses allegedly occurred, was indicted on May 24, 2005, for 79 counts of sexually oriented offenses, spanning from December 15, 2002 through the date of the indictment. Because of the sensitive nature of this case, the facts will be discussed only as needed to address appellant's nine assignments of error. *Page 2 
 {¶ 3} Appellant waived his right to a jury trial and tried his case to the court starting February 13, 2006. On February 22, 2006, the court found appellant guilty of the following offenses with S.B. as the victim: four counts of rape of a person under 13 years of age with a force specification, in violation of R.C. 2907.02(A)(1)(B); one count of rape of a person under 13 years of age (no force specification); six counts of kidnapping with a sexual motivation specification, in violation of R.C. 2941.147 and 2905.01(A)(2); and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4). The court also found appellant guilty of the following offenses with D.D. as the victim: one count of kidnapping with a sexual motivation specification and seven counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(B)(3).
 {¶ 4} On April 10, 2006, appellant was classified as a sexual predator, and on April 12, 2006, the court sentenced appellant to life in prison, specifically in the following manner: five concurrent life terms for the rape offenses; four years for all offenses against D.D., to run concurrent to each other but consecutive to the life terms; and four years for all other offenses to run concurrent with all other sentences.
 II. {¶ 5} In his first assignment of error, appellant argues that he "was denied his constitutional right to know the nature and cause of the accusation when the court *Page 3 
would not require a particularization of the dates and allegations." Specifically, appellant argues that he was entitled to notice, prior to trial, of the particular dates of the various offenses and the specifics of the unlawful acts of which he was accused.
 {¶ 6} We recently ruled on this issue in a similar case where the defendant was charged with 47 counts relating to child sex abuse, with multiple victims, spanning over a five-year period. In State v.Thompson, Cuyahoga App. No. 86357, 2006-Ohio-1836, we held:
 "R.C. 2941.08(C) states that an indictment `is not made invalid * * * for stating the time imperfectly.' Additionally, the Ohio Supreme Court has held the following: `Ordinarily, precise times and dates are not essential elements of offenses. Thus, the failure to provide dates and times in an indictment will not alone provide a basis for dismissal of the charges. A certain degree of inexactitude of averments, where they relate to matters other than elements of the offense, is not per se impermissible or necessarily fatal to a prosecution.' State v. Sellards (1985), 17 Ohio St.3d 169, 171. Additionally, the Ohio Supreme Court stated that two things are taken into consideration regarding specific dates in an indictment or a bill of particulars. State v. Lawrinson (1990), 49 Ohio St.3d 238, 239. First, whether the state has more detailed information and second, `whether this information is material to the defendant's ability to prepare and present a defense.' Id."
 {¶ 7} In the instant case, the date of the crime is not an essential element of any of the offenses at issue. Furthermore, specific dates were narrowed down as the minor victims testified and the state amended the indictments accordingly. Appellant makes no plausible argument as to why general time frames, as opposed to specific dates, deprived him of any constitutional rights, and his first assignment of error is overruled. *Page 4 
 III. {¶ 8} In his second assignment of error, appellant argues that he "was denied his constitutional rights when the indictments were amended at the conclusion of the state's evidence." Specifically, appellant argues that the amendments to the indictment changing the dates of various offenses, as mentioned above, violated his rights under the Sixth andFourteenth Amendments to the United States Constitution. We disagree.
 {¶ 9} Pursuant to Crim.R. 7(D), an amendment may be made to an indictment where the change does not alter the substance or identity of the crime charged. For the reasons outlined in our analysis of appellant's first assignment of error, adding more specificity to the offense dates did not alter the substance of the crime charged. See, also, State v. McBooth, Cuyahoga App. No. 82811, 2004-Ohio-1783 (holding that "the grand jury could have easily concluded McBooth engaged in the unlawful sexual conduct, albeit at a later date"). Appellant's second assignment of error is overruled.
 IV. {¶ 10} In his third assignment of error, appellant argues that he "was denied due process of law when witnesses were allowed to testify as to the truth of the allegations." Specifically, appellant argues that representatives from Cuyahoga County Department of Children and Family Services (CCDCFS) impermissibly *Page 5 
testified as to his guilt. Appellant's argument is not well taken, as we recently ruled against his line of reasoning.
 {¶ 11} "[A] county social worker is permitted to testify as to her disposition of a case because this is merely a reflection of the agency's classification of cases and not a judicial determination."State v. Benjamin, Cuyahoga App. No. 87364, 2006-Ohio-5330 (citingState v. Smelcer (1993), 89 Ohio App.3d 115).
 {¶ 12} In the instant case, Michael Bokmiller and Donna Coffey, both social workers with CCDCFS, testified that, based upon their investigations, D.D. and S.B.'s allegations, respectively, were "substantiated," as determined by CCDCFS standards. We found almost identical testimony proper in Benjamin and Smelcer, and appellant's third assignment of error is overruled.
 V. {¶ 13} In his fourth assignment of error, appellant argues that he "was denied his right of confrontation and cross-examination when the court allowed hearsay evidence from investigators and witnesses." Specifically, appellant argues that the following testimony was improper: D.D.'s mother's as to what her son and appellant's mother said; Abbey Williams', who was S.B.'s elementary school teacher, as to what S.B. said; and Jody Remington's, who is a detective for the Cleveland Police sex crimes and child abuse unit, as to what appellant's mother and S.B. said. *Page 6 
 {¶ 14} The standard of review for admissibility of evidence is abuse of discretion. See Peters v. Ohio State Lottery Comm. (1992),63 Ohio St.3d 296. However, appellant did not object to any of the statements under scrutiny in this assignment of error; therefore, they are subject to the plain error rule. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Furthermore, the Ohio Supreme Court has held that the "power afforded to notice plain error, whether on a court's own motion or at the request of counsel, is one which courts exercise only in exceptional circumstances, and exercise cautiously even then."State v. Long (1978), 53 Ohio St.2d 91, 94.
 {¶ 15} The statements made to Remington were testimonial in nature and are properly analyzed under Crawford v. Washington (2004), 541 U.S. 36.Crawford stands for the legal premise that out-of-court testimonial statements may not be related to the trier of fact by someone other than the speaker, unless the speaker is unavailable and the defendant has had a prior opportunity to conduct a cross-examination. Testimonial statements are "statements given under oath in a formal proceeding, * * * [including] statements made while under interrogation by law enforcement officers." State v. Duncan, Cuyahoga App. No. 87220, 2006-Ohio-5009
(citing Crawford, supra). Statements made to D.D.'s mother and Williams *Page 7 
were not testimonial in nature and are governed by the applicable rules on hearsay. See Ohio v. Roberts (1980), 448 U.S. 56, 66.
 {¶ 16} First, D.D.'s mother testified as to her conversation with appellant's mother regarding appellant impregnating D.D. Appellant's argument that these statements affected his rights fails outright, when ultrasound and DNA tests admitted into evidence determined, with a reasonable degree of medical certainty, that D.D. was pregnant with appellant's child.
 {¶ 17} Second, Williams testified about a conversation she had with S.B. after a class in March 2005, where S.B. told Williams that she was having sex with an older man who was an uncle in her adopted family. Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Statements that are not offered to prove the truth of what was said are not hearsay.State v. Davis (1991), 62 Ohio St.3d 326, 343. When Williams began her testimony about her conversation with S.B., the court stated the following:
 "Hold on. At this stage, this is not necessarily being offered for the truth of what's said. It's being offered for that it was said. So for the limited purpose, I don't think that the hearsay objection applies. So you may maintain that, but — and she's already testified — but it's more not asserted for the truth. It's asserted that it was said. * * *" (Emphasis added.) *Page 8 
 {¶ 18} In other words, the testimony was offered to show that S.B. complained to her teacher about what appellant was doing to her. This is not hearsay, as defined by Evid.R. 801(C), and the court did not err by allowing the testimony.
 {¶ 19} Third, Remington testified about what she learned from appellant's mother and S.B. during her investigation. Appellant's argument regarding Remington's testimony also fails. First, we reiterate that Remington's statements are testimonial in nature and, thus, subject to the Crawford analysis. Testimonial statements are not admissible unless the declarant is unavailable and the defendant has had an opportunity to conduct a cross-examination. Most of Remington's testimony is her own recollection of the investigation, rather than statements made by others. "Statements which are offered to explain a police officer's conduct while investigating a crime are * * * not hearsay." State v. Price (1992), 80 Ohio App.3d 108, 110.
 {¶ 20} Of Remington's testimony, the following two sentences may be considered hearsay, because Remington refers to what appellant's mother said: "She said that she had not," (referring to whether appellant's mother knew D.D. had been pregnant with appellant's child and then had an abortion); and "she told me that it had been unsubstantiated," (referring to whether appellant's mother knew S.B. had tried to disclose that appellant was having sexual relations with her). *Page 9 
 {¶ 21} We see no exceptional circumstances surrounding these statements that would lead us to label the admission of them as plain error. These are minor statements that are incidental to the overwhelming amount of evidence against appellant, including his own admission that he had sexual relations with D.D. Appellant's fourth assignment of error is without merit and is overruled.
 VI. {¶ 22} Appellant's fifth and ninth assignments of error will be reviewed together, and they respectively state as follows: "Defendant was denied due process of law when he was sentenced to a term of life imprisonment for an offense which did not require any culpable mental state"; and "defendant was denied equal protection of the law and subjected to a cruel and unusual punishment because of the imposition of a[n] arbitrary life sentence." Specifically, appellant argues that "the indicted offense of rape carried a life term of imprisonment without requiring any culpable mental state." We agree with this basic proposition. However, although it is not clear from appellant's brief, he seems to be arguing that this statutory mandate is unconstitutional. This argument is unsupported by Ohio case law.
 {¶ 23} R.C. 2907.02(B) states that "an offender under division (A)(1)(b) of this section shall be sentenced to a * * * term of life imprisonment * * *." The legislature mandated this sentence to reflect the despicable act of raping a child under the age of 13. See State v.McConnell, Montgomery App. No. 19993, 2004-Ohio-4263 *Page 10 
(concluding that "the life sentence imposed upon McConnell for raping his eight-year old daughter, in violation of R.C. 2907.02(A)(1)(b), does not constitute cruel and unusual punishment, because the life sentence is not disproportionate or shocking to the moral sense of the community, in view of the heinous nature of the crime").
 {¶ 24} In the instant case, appellant was convicted of five violations of R.C. 2907.02(A)(1)(b), and he was sentenced to five concurrent terms of life in prison. The court did exactly as it was mandated to do under R.C. 2907(B), and this mandate has withstood constitutional scrutiny by Ohio courts. See, e.g., State v. Warren, 168 Ohio App.3d 288, 299,2006-Ohio-4104, (holding that "[w]e cannot say that a sentence of life imprisonment * * * is grossly disproportionate to the crime of rape of a child under the age of 13"). Appellant's fifth and ninth assignments of error are overruled.
 VII. {¶ 25} Appellant's sixth and seventh assignments of error will be addressed together. In appellant's sixth assignment of error, he argues that he "was denied due process of law when the court modified the statutory definition of force." In appellant's seventh assignment of error, he argues that he "was denied due process of law when he was found guilty of a specification that [he] purposely compelled the victim to submit by force or threat of force." However, after reviewing the trial transcript and the appropriate statutes, we find that appellant is incorrect in his *Page 11 
argument because the court did not modify the statutory definition of force. Rather, the court followed a line of Ohio Supreme Court cases, dating back to 1921, which expanded the definition of force when the victim of the rape is a child.
 "The force and violence necessary in rape is naturally a relative term, depending upon the age, size and strength of the parties and their relation to each other; as the relation between a father and daughter under twelve years of age. With the filial obligation of obedience to the parent, the same degree of force and violence would not be required upon a person of such tender years, as would be required were the parties more nearly equal in age, size and strength."
State v. Labus (1921), 102 Ohio St. 26, 38-39. See, also, State v.Eskridge (1988), 38 Ohio St.3d 56, 58-59 (holding that "[f]orce need not be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established") (citingState v. Martin (1946), 77 Ohio App. 553); State v. Dye (1988),82 Ohio St.3d 323, 329 (holding that "a person in a position of authority over a child under thirteen may be convicted of rape of that child with force pursuant to R.C. 2907.02(A)(1)(b) and (B) without evidence of express threat of harm or evidence of significant physical restraint").
 {¶ 26} In the instant case, before finding appellant guilty of rape, the court stated the following:
 "Force normally means any violence, compulsion or constraint physically exerted by any means or against any person or thing. That is not the definition that applies to a child, * * * of tender years, under the age of 13. *Page 12 
 "In State v. Dye, which is a Supreme Court case that we have all referred to, it is impossible to manage the rape of a child without force being involved.
 "Clearly, a child cannot be found to have consented to rape. However, * * * the statute requires that some amount of force must be proven beyond a reasonable doubt, and that force is inherent in the crime itself.
 "I don't know if I heard testimony relating specifically to fear by [S.B.]. But I did hear what I believe to be testimony that he compelled her by a threat of force, and put her will to be overcome by duress.
 "Duress is defined by Black's [dictionary] as any unlawful threat or coercion used by a person to induce another to act or to refrain from acting in a manner that he or she otherwise would not or * * *, subjecting the person to improper pressure, which overcomes his or her will, or could assist him or her to comply.
 "I find there was force. So Count One, the defendant is found guilty of the furthermore clause also."
 {¶ 27} Accordingly, the court did not modify the statutory definition of force, appellant points to no case law supporting his proposition that he was denied "due process of law" when the court found his crime inherently forceful, and his sixth and seventh assignments of error are overruled.
 VIII. {¶ 28} In appellant's eighth assignment of error, he argues that he "was denied due process of law when he was found guilty of unlawful sexual conduct with a minor as a lesser included offense of rape." A cursory review of the record shows *Page 13 
that appellant misrepresents the court's findings. Appellant was found guilty of unlawful sexual conduct of a minor with respect to D.D., and he was found guilty of rape with respect to S.B. These convictions were mutually exclusive as they involved two separate victims and one was not a lesser included offense of the other. Appellant was convicted consistently with his indictment, and his eighth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 14 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and MARY J. BOYLE, J., CONCUR *Page 1