JOURNAL ENTRY AND OPINION
{¶ 1} Brandon Charley has filed an application for reopening pursuant to App. R. 26(B). Charley is attempting to reopen the appellate judgment, rendered in State v. Charley, Cuyahoga App. No. 85356, 2005-Ohio-4116, which affirmed his conviction for the offenses of murder, aggravated robbery, and robbery. We decline to reopen Charley's appeal.
 {¶ 2} App. R. 26 (B) (2) (b) requires that Charley establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The *Page 3 
Supreme Court of Ohio, with regard to the 90-day deadline provided by App. R. 26(B)(2)(b), has recently established that:
 {¶ 3} "We now reject Gumm's claim that those excuses gave him good cause to miss the 90-day deadline in App. R. 26(B). The rule was amended to include the 90-day deadline more than seven months before Gumm's appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today.Consistent enforcement of the rule's deadline by the appellate courts inOhio protects on the one hand the state's legitimate interest in thefinality of its judgments and ensures on the other hand that any claimsof ineffective assistance of appellate counsel are promptly examined andresolved.
 {¶ 4} "Ohio and other states `may erect reasonable proceduralrequirements for triggering the right to an adjudication,' Logan v.Zimmerman Brush Co. (1982), 455 U.S. 422, 437, 102 S.Ct 1148,71 L.Ed 2d 265, and that is what Ohio has done by creating a 90-day deadline forthe filing of applications to reopen. Gumm could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in therule is `applicable to all appellants,' State v. Winstead (1996),74 Ohio St.3d 277, 278, 658 N.E.2d 722, and Gumm offers no sound reason whyhe *Page 4 unlike so many other Ohio criminal defendants — could not comply withthat fundamental aspect of the rule." (Emphasis added.)
 {¶ 5} State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755,814 N.E.2d 861, at ¶ 7.
 {¶ 6} See, also, State v. LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976,812 N.E.2d 970; State v. Cooey, 73 Ohio St.3d 411, 1995-Ohio-328,653 N.E.2d 252; State v. Reddick, 72 Ohio St.3d 88, 1995-Ohio-249,647 N.E.2d 784.
 {¶ 7} Herein, Charley is attempting to reopen the appellate judgment that was journalized on August 16, 2007. The application for reopening was not filed until January 8, 2009, more than 90 days after journalization of the appellate judgment in State v. Charley, supra. Charley has failed to establish "a showing of good cause" for the untimely filing of his application for reopening, since ignorance of the law and reliance on counsel do not demonstrate good cause. State v.Arcuh (April 29, 2004), Cuyahoga App. No. 84435, reopening disallowed, 2009-Ohio-1083. See, also, State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995),72 Ohio St.3d 317.
 {¶ 8} Accordingly, the application for reopening is denied. *Page 5 
COLLEEN CONWAY COONEY, A.J., and LARRY A. JONES, J., CONCUR *Page 1