JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Hairston, Cuyahoga County Court of Common Pleas Case No. CR-331664, applicant — Charles C. Hairston — was convicted of two counts of corruption of a minor. This court affirmed in part and reversed in part that judgment in State v. Hairston (1997),121 Ohio App.3d 750, 700 N.E.2d 930 [Cuyahoga App. No. 70745].
 {¶ 2} Hairston has filed with the clerk of this court a motion for leave to file delayed appeal or, in the alternative, application for reopening. As indicated above, in 1997, this court heard and decided Hairston's timely direct appeal on the merits. As a consequence, we treat his motion as an application for reopening under App. R. 26(B). *Page 3 
 {¶ 3} Applicant asserts that he was denied the effective assistance of appellate counsel because his appellate attorney — Michael Troy Watson — failed to prepare and file a motion to certify conflict with respect to this court's 1997 journal entry and opinion affirming and reversing the judgment of the court of common pleas. We deny the application for reopening. As required by App. R. 26(B)(6), the reasons for our denial follow.
 {¶ 4} Initially, we note that App. R. 26(B)(1) provides, in part: "An application for reopening shall be filed *** within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App. R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 5} This court's decision affirming applicant's conviction was journalized on July 28, 1997. The application was filed on December 22, 2008, more than eleven years after journalization of the journal entry and opinion and clearly in excess of the ninety-day limit.
 {¶ 6} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App. R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. Therefore, we need *Page 4 
not examine the merits of this application if Hairston failed to demonstrate good cause for failing to file a timely application.
 {¶ 7} Hairston states that he had various conversations with Watson and Watson's staff "wherein Appellant was told a number of things, including that the case was progressing within the Court system, there were deficiencies requiring refiling, denial of motion, appeal, etc. On many occasions Watson required remission of payments in order to continue. This continued until some point in early 2006, whereupon attempting to contact Watson, Appellant spoke with one of his employees who informed Appellant that Watson had been disbarred (See Disciplinary Counsel v. Watson, 107 Ohio St. 3d 182, 2005-Ohio-6178). All further attempts to contact Watson have been unsuccessful." Application, at 4 (capitalization, punctuation and citation form in original). Hairston concludes by stating that he "is a layperson, unskilled at law ***." Application at 7.
 {¶ 8} Hairston's statements regarding his attempts to communicate with Watson and Watson's staff do not establish good cause for the more than eleven-year delay in his filing his application for reopening. In effect, he contends that he does not understand the law, he relied on his appellate counsel and his appellate counsel did not take action. "[I]gnorance of the law and reliance on counsel do not demonstrate good cause." State v. Charley, Cuyahoga App. No. 85356, 2005-Ohio-4116, reopening disallowed, 2009-Ohio-1232, at ¶ 6 (citations deleted). Because Hairston argues that his reliance on counsel and ignorance of the law caused the *Page 5 
delay in his filing an application for reopening, he has not demonstrated good cause for the untimely filing of his application.
 {¶ 9} Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v.Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed2005-Ohio-5797, Motion No. 370333; State v. Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916. As a consequence, applicant has not met the standard for reopening.
 {¶ 10} Accordingly, the application for reopening is denied.
ANN DYKE, J., and LARRY A. JONES, J., CONCUR *Page 1