[Cite as *State v. Ali*, 2023-Ohio-4422.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff- Appellee,           :

                    v.                        :          No. 112728

OSIRIS ALI,                                       :

    Defendant-Appellant.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 7, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-05-465969-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah E. Hutnik, Assistant Prosecuting Attorney, *for appellee.*

Osiris Ali, *pro se.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant Osiris Ali appeals the trial court's denial of his motion to vacate void judgment. Because the motion was properly denied on the basis of res judicata, we affirm the judgment of the trial court.

{¶ 2} In 2006, Ali was convicted of multiple sex offenses committed against two minor children and the trial court imposed a sentence of five concurrent life sentences plus four years. This court affirmed Ali's conviction in *State v. Ali,* 8th Dist. Cuyahoga No. 88147, 2007-Ohio-3776, *discretionary appeal not accepted*, 116 Ohio St.3d 1458, 2007-Ohio-6803, 878 N.E.2d 35, 2007, *application for reopening denied*, 8th Dist. Cuyahoga No. 88147, 2009-Ohio-1233.

{¶ 3} Since his convictions were affirmed, Ali filed multiple challenges to his convictions. *See State v. Ali*, 8th Dist. Cuyahoga No. 112285, 2023-Ohio-2587, ¶ 26-49.[1] On April 28, 2023, the trial court denied Ali's motion to vacate void judgment entry, filed January 3, 2023. Ali appealed and has assigned one error for our review, which reads:

> The trial court erred, and to the prejudice of appellant, in denying defendant's motion to vacate void judgment entry where defendant's sentence is void as a matter of law

{¶ 4} Ali argues that his sentence is void because it is an improper sentence in contravention of *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. The state argues that his motion was properly denied on the basis of res judicata where the error Ali complains of could have been raised in Ali's direct appeal. "'Res judicata generally bars a convicted defendant from litigating a

---

[1] This court determined that Ali is a vexatious litigator because he "has continuously taxed the limited resources of this court by filing actions and motions that are not reasonably well-grounded in fact or warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law." *Id*. at ¶ 26. However, the instant appeal was filed before this determination.

postconviction claim that was raised or could have been raised at trial or on direct appeal.'" *State v. Ali,* 8th Dist. Cuyahoga No. 112285, 2023-Ohio-2587, ¶ 21, quoting *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 17.

{¶ 5} Ali complains that his sentence is void. A sentence is void only if rendered by a court that lacks subject-matter jurisdiction over either the case or the defendant. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 43. Ali does not argue that the trial court lacked jurisdiction, and his claim of error in sentencing could not be corrected through a postconviction motion. *Id*. Further, Ali's claim of error in his sentence could have been raised in his direct appeal. As such, the motion to vacate void judgment was properly denied by the trial court. The sole assignment of error is overruled.

{¶ 6} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR