JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Rawn Nash ("Nash"), appeals the trial court's decision denying his petition for postconviction relief. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2002, Nash was convicted of drug possession with a major drug offender specification. This court affirmed his conviction sub nom. in State v. Loper, Cuyahoga App. Nos. 81297, 81400, 81878, 2003-Ohio-3213, discretionary appeal not allowed, 100 Ohio St.3d 1486, 2003-Ohio-5992, 798 N.E.2d 1094
[Case No. 2003-1567] ("Nash I"). In that appeal, Nash also challenged the trial court's denial of his motion for a new trial or, in the alternative, petition for postconviction relief. This court found that the trial court lacked jurisdiction to consider the motion for a new trial because this court had already accepted the direct appeal and, thus, the denial of the motion was not error. Id. at § 104. We also found that the trial court had not ruled on Nash's alternative petition for postconviction relief. Therefore, since there was no final order or judgment on the petition, this court dismissed the case as it pertained to the petition.
 {¶ 3} On remand, Nash filed supplemental affidavits in support of his postconviction petition. In 2005, the trial court issued its findings of fact and conclusions of law denying Nash's petition.
 {¶ 4} Nash appeals, raising two assignments of error, which will be addressed together.
 {¶ 5} In his assigned errors, Nash challenges the trial court's denial of his petition for postconviction relief. He argues that he was denied due process of law when the court failed to grant his postconviction petition or rule on the merits of the petition when he presented evidence of actual innocence. He further claims that the trial court's failure to hold an evidentiary hearing on his petition also violated his due process rights.
 {¶ 6} It is well settled that trial courts are not automatically required to conduct an evidentiary hearing whenever a petition for postconviction relief is filed. State v. Slagle
(Aug. 10, 2000), Cuyahoga App. No. 76834; State ex rel. Jacksonv. McMonagle, 67 Ohio St.3d 450, 1992-Ohio-143, 619 N.E.2d 1017;State v. Strutton (1988), 62 Ohio App.3d 248, 575 N.E.2d 466. The pivotal concern is whether there are substantive constitutional grounds for relief that would warrant a hearing based on the petition, the supporting affidavits and materials, and the record. State v. Jackson (1980), 64 Ohio St.2d 107,110, 413 N.E.2d 819; Strutton, supra.
 {¶ 7} A petitioner is entitled to postconviction relief under R.C. 2953.21 only if the court can find that there was such a denial or infringement of the petitioner's rights as to render the judgment void or voidable under the Ohio or United States Constitutions. State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104. When a petition for postconviction relief fails to allege facts which, if proved, would entitle the petitioner to relief, the trial court may so find and summarily dismiss the petition. Perry, supra at paragraph two of the syllabus.
 {¶ 8} In reviewing the trial court's decision denying a petition for postconviction relief without an evidentiary hearing, we apply an abuse of discretion standard. State v.Dowell, Cuyahoga App. No. 86232, 2006-Ohio-110; State v.Chafin (Mar. 25, 1999), Franklin App. No. 98AP-865; State v.Watson (1998), 126 Ohio App.3d 316, 710 N.E.2d 340.
 {¶ 9} In the instant case, Nash petitioned the court for postconviction relief, arguing that perjured testimony was offered at trial and that the recantation affidavits of his co-defendants, William Anglen and Henry Witherspoon, and supporting affidavits entitled him to relief. He claims that these affidavits prove actual innocence.
 {¶ 10} This court and other jurisdictions have cautioned that recanted testimony is ordinarily unreliable and should be subjected to the utmost scrutiny. State v. Mack (Oct. 28, 1999), Cuyahoga App. No. 75086, citing State v. Moore (1994),99 Ohio App.3d 748, 651 N.E.2d 1319. "Recantations of prior testimony are to be examined with utmost suspicion. Recantation by a significant witness does not, as a matter of law, entitle a defendant to a new trial. This determination is left to the sound discretion of the trial court." State v. Gray, Cuyahoga App. No. 82841, 2003-Ohio-6643, § 10, citing State v. Germany (Sept. 30, 1993), Cuyahoga App. No. 63568. See, also, State v. Lane
(1976), 49 Ohio St.2d 77, 358 N.E.2d 1081; State v. Walker
(1995), 101 Ohio App.3d 433, 655 N.E.2d 823.
 {¶ 11} In the instant case, the trial court gave due consideration to the recantation affidavits and compared them to the trial testimony. The trial court also reviewed the "newly discovered evidence" with the relevant case and statutory law and found that Nash had failed to "demonstrate a substantial question which would entitle him to relief." After careful consideration of the entire record, the trial court found that the evidence in the record and the trial testimony negated Nash's assertions of perjured testimony at his trial. Therefore, the court denied Nash's petition for postconviction relief. We find this decision to be neither arbitrary, unreasonable, nor unconscionable.
 {¶ 12} In Nash I, this court considered the testimony of both Anglen and Witherspoon. Nash I, supra at ¶ 95. In fact, Nash's trial counsel attempted to impeach Anglen's testimony by questioning him about his interest in the outcome of the action. We concluded that the jury heard the testimony and had the opportunity to assess credibility. Id. In Nash I, we found that:
"In considering these facts and circumstances and the credibility of the witnesses, the jury could have reasonably found that Nash knowingly exercised dominion and control over the crack cocaine confiscated from the kitchen counter, even though it was not within his actual possession. Moreover, it was reasonable for the jury to conclude Nash had constructive possession of the crack cocaine which weighed more than 100 grams. Based on our review of the record, weight of the evidence, and credibility of the witnesses, it cannot be said that in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice such that the conviction is against the manifest weight of the evidence." NashI, supra at ¶ 96.
 {¶ 13} Therefore, even without the testimony of Nash's co-defendants, the testimony of the police officers alone supported his conviction for drug possession as this court previously determined in Nash I. There being evidence of constructive possession unrelated to the testimony of either co-defendant, evidence which is now "law of the case," the trial court did not abuse its discretion in failing to afford Nash a hearing.
 {¶ 14} Moreover, a claim of actual innocence is not itself a constitutional claim, nor does it constitute a substantive ground for postconviction relief. State v. Watson (1998),126 Ohio App.3d 316, 710 N.E.2d 340, citing Herrera v. Collins (1993),506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203; State v. Loza
(Oct. 13, 1997), Butler App. No. CA96-10-214. Therefore, we find that the trial court did not err in failing to consider the merits of this "actual innocence" claim because the claim fails to raise "a denial or infringement of rights under the Ohio Constitution or the Constitution of the United States" as required by R.C. 2953.21.
 {¶ 15} Because Nash's petition does not contain substantive grounds for relief, the trial court did not err in failing to hold an evidentiary hearing on the petition. R.C. 2953.21; Statev. Avery, Union App. No. 14-04-06, 2004-Ohio-4165.
"* * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(C).
 {¶ 16} Therefore, we find that the trial court did not abuse its discretion in reviewing Nash's petition without an evidentiary hearing. Furthermore, the trial court did not abuse its discretion in denying Nash's petition for postconviction relief.
 {¶ 17} Accordingly, the assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. and McMonagle, J. concur.