[Cite as *State v. Ali*, 2013-Ohio-2696.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 99062

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## OSIRIS ALI

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-465969

**BEFORE:** Stewart, A.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 27, 2013

**FOR APPELLANT**

Osiris Ali, pro se
Inmate No. 503-171
501 Thompson Road
P.O. Box 8000
Conneaut, OH    44030


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Katherine Mullin
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} Defendant-appellant Osiris Ali appeals his conviction for sexually oriented offenses committed against his sister and niece between December 2002 and May 2005. On February 22, 2006, the trial court found Ali guilty of four counts of rape of a person under the age of 13 with force in violation of R.C. 2907.02(A)(1)(b); one count of rape without force, also in violation of R.C. 2907.02(A)(1)(b); one count of gross sexual imposition in violation of R.C. 2907.05(A)(4); six counts of kidnapping with a sexual motivation specification in violation of R.C. 2905.01(A)(2) and R.C. 2941.147; and seven counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(B)(3). The trial court classified Ali as a sexually oriented offender and sentenced him to concurrent life sentences on each of the five rape counts. Ali was also sentenced to four years on each of the remaining counts, which were to run concurrent with each other, but consecutive to the life sentences.

{¶2} Ali filed a direct appeal, which was affirmed in July of 2007. *State v. Ali*, 8th Dist. No. 88147, 2007-Ohio-3776. On November 26, 2008, Ali filed a motion to reopen his appeal, which was denied as untimely after Ali failed to show good cause for the delay. *State v. Ali*, 8th Dist. No. 88147, 2009-Ohio-1233. On December 17, 2010, in response to motions by both the state and Ali to correct the 2006 sentencing entry for failure to provide adequate notice of postrelease control sanctions, the trial court

resentenced Ali after a de novo resentencing hearing. On October 11, 2011, Ali filed a motion to correct void sentence based on an alleged improper notification of Ali's postrelease obligations. This motion was denied by the trial court. Again, Ali appealed the ruling, and this court affirmed the judgment in *State v. Ali*, 8th Dist. No. 97612, 2012-Ohio-2510.

{¶3} On June 12, 2012, Ali filed a petition to vacate or set aside his sentence. Ali alleged ineffective assistance of counsel in violation of his Sixth Amendment rights. Ali's motion was dismissed by the trial court with prejudice. This appeal followed.

{¶4} In his assignments of error, Ali argues that his trial counsel's assistance was ineffective based on three different grounds. First, Ali argues his trial counsel failed to object to the court's imposition of consecutive sentences. He also asserts his counsel failed to argue that some of the offenses were allied and of similar import, and lastly, Ali argues his trial counsel was ineffective because he failed to ask the trial court to consider the spousal testimony provision of Evid.R. 601(B) as it related to the testimony of Ali's wife.

{¶5} In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that in order to establish a claim for ineffective assistance of counsel, a defendant must show not only that his counsel's performance was deficient, but also that the deficiency prejudiced his defense. *Id*. at _ 687. The scrutiny of a reviewing court, under the rule of *Strickland,* of an attorney's

work must be highly deferential, and we must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Id*. at _ 688.

{¶6} In this case, however, we need not address the issue of whether Ali's trial counsel was ineffective. Ali's motion automatically fails due to being untimely and, in the alternative, the assignments of error are barred as res judicata. These threshold matters are dispositive of the ineffective assistance of counsel claims.

{¶7} A motion styled "Motion to Correct or Vacate Sentence" meets the definition of a petition for postconviction relief under R.C. 2953.21(A) when the defendant has already filed a direct appeal, asserts a violation of a constitutional right, seeks to render a judgment void, and asks for a vacation of judgment and sentence. *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, _ 12. A trial court's decision to grant or deny a petition for postconviction relief filed pursuant to R.C. 2953.21 should not be disturbed absent an abuse of discretion. *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905, _ 45. Abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Id*. at _ 46.

{¶8} Under R.C. 2953.21(A)(2), "[a] petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." In *State v. Sharif*, 8th Dist. No. 79325, 2001 Ohio App. LEXIS 4354 (Sept. 27, 2001), this court held that a trial court may only entertain an untimely petition for postconviction relief under the following circumstances:

1) the petitioner shows either that he was unavoidably prevented from discovering the facts upon which he relies in his petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and 2) the petitioner shows by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial.

*Id*. at _ 9-10.

{¶9} Here, the trial court properly dismissed Ali's petition for postconviction relief. The time limitation for filing a motion for postconviction relief is jurisdictional, *State v. John*, 8th Dist. No. 93226, 2010-Ohio-162, _ 8, and a trial court has no authority to consider an untimely filed petition for postconviction relief absent an exception. *State v. Hutton*, 8th Dist. No. 80763, 2007-Ohio-5443, _ 23. Ali was found guilty on February 22, 2006, and sentenced on April 10, 2006. On August 28, 2006, the trial transcripts were prepared. Ali had 180 days from the date the transcript was filed to file his petition. Likewise, Ali has not shown he was unavoidably prevented from discovering facts relating to his petition or that any new federal or state right applies. Therefore, since Ali's motion is beyond the statutory timeline, his motion was properly denied.

{¶10} Similarly, even if Ali's application for postconviction relief were timely, his opportunity to raise the ineffective assistance of counsel claims was during his direct appeal. The doctrine of res judicata precludes a convicted defendant from raising an issue in a motion for postconviction relief if he or she raised or could have raised the issue on direct appeal. *State v. Sturdivant*, 8th Dist. No. 98747, 2013-Ohio-584, _ 13,

citing *State v. Alexander*, 8th Dist. No. 95995, 2011-Ohio-1380, at ¶ 15.  *See also State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), at paragraph nine of the syllabus.

**{¶11}** In this case, Ali already appealed his 2006 conviction.  All assignments of error were overruled, and the judgment was affirmed on July 26, 2007.  The three assignments of error he alleges in this appeal were ripe for review at the time Ali filed his direct appeal.  Thus, they are barred as res judicata.  The trial court properly denied Ali's petition to vacate or set aside his sentence based on ineffective assistance of counsel.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR