[Cite as *State v. Dudley*, 2014-Ohio-826.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99952**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDDIE DUDLEY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-500587, CR-500881, CR-530921, and CR-532408

**BEFORE:** Stewart, J., Blackmon, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** March 6, 2014

**FOR APPELLANT**

Eddie Dudley, Pro Se
Inmate No. 582-483
Lorain Correctional Institution
2075 South Avon Belden Road
Grafton, OH    44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    James M. Price
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} In March 2010, the court sentenced defendant-appellant Eddie Dudley in four separate cases: in three of those cases Dudley pleaded guilty; in the fourth case a jury found him guilty after a trial. In March 2012, Dudley filed an identical motion in all four cases asking the court to vacate his sentences because he was not informed in court at the time of sentencing that he was obligated to pay court costs. The court denied those motions, and Dudley did not appeal. In April 2013, Dudley refiled the same motion to vacate in all four cases. The court denied those motions, and Dudley appeals, arguing that the trial court erred by doing so. We find no error for several reasons.

{¶2} First, the motions to vacate the sentences were barred by principles of res judicata because the cost issues contained in those motions could have been, but were not, raised on direct appeal from the jury trial and the three guilty pleas. *See State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23 ("[A]n indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata.").

{¶3} Second, even if not res judicata because they were not raised on direct appeal, the cost issues are nonetheless untimely in a way that deprived the court of jurisdiction to hear them. A motion to vacate or correct a sentence filed after a direct appeal is treated

as a petition for postconviction relief under R.C. 2953.21. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12; *State v. Ali*, 8th Dist. Cuyahoga No. 99062, 2013-Ohio-2696, ¶ 7. Although Dudley only appealed from one of his four convictions (*State v. Dudley*, 8th Dist. Cuyahoga No. 94972, 2011-Ohio-726), the time for filing an appeal in the other three cases had long since expired, so we consider the motions to vacate the sentences in the three cases that were not appealed to be postconviction petitions. That being the case, the motions to vacate sentence had to be filed within 180 days after the expiration of the time for filing an appeal or, in the case where an appeal was filed, within 180 days after the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. *See* R.C. 2953.21(A)(2). In none of the four cases being appealed from did Dudley file his motion to vacate sentence in a timely manner, so the court lacked jurisdiction to consider those motions. *State v. Johns*, 8th Dist. Cuyahoga No. 93226, 2010-Ohio-162, ¶ 8.

{¶4} Finally, even if we could view the motions to vacate sentence as being timely filed and not res judicata because the issues in those motions were not raised on direct appeal, they were nonetheless res judicata for a different reason: Dudley did not appeal when the court denied his first set of motions in March 2012. Instead, Dudley waited just over one year and then refiled the same motions. It was only after the court denied those motions a second time in May 2013 that Dudley appealed. So apart from all of the other defects with his motions, Dudley's failure to file an appeal in March 2012, like his

failure to raise the issue on direct appeal, rendered the cost issues res judicata. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

**{¶5}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., and
TIM McCORMACK, J., CONCUR