[Cite as *State v. Ali*, 2021-Ohio-1085.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109580 |
| v. | : | |
| OSIRIS ALI, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 1, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-05-465969-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Osiris Ali, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Osiris Ali proceeds pro se and appeals the trial court's denial of Ali's motion to vacate an unlawful void sentence. We affirm the trial court's judgment.

## I.   Background and Facts

{¶ 2}   We extract a summary of facts from this court's opinion that affirmed Ali's convictions on direct appeal.

> Defendant Osiris Ali (appellant) appeals various aspects of the trial court's convicting him of kidnapping, gross sexual imposition, rape, and unlawful sexual conduct with a minor, involving his adopted sister (S.B.) when she was between the ages of 10 and 13, and his niece (D.D.) when she was 15 and 16 years old.  Appellant also appeals his sentence of life in prison.
>
> Appellant, who was in his early-to-mid 40's when these offenses allegedly occurred, was indicted on May 24, 2005, for 79 counts of sexually oriented offenses, spanning from December 15, 2002 through the date of the indictment. Because of the sensitive nature of this case, the facts will be discussed only as needed to address appellant's nine assignments of error.
>
> Appellant waived his right to a jury trial and tried his case to the court starting February 13, 2006.  On February 22, 2006, the court found appellant guilty of the following offenses with S.B. as the victim: four counts of rape of a person under 13 years of age with a force specification, in violation of R.C. 2907.02(A)(1) (B); one count of rape of a person under 13 years of age (no force specification); six counts of kidnapping with a sexual motivation specification, in violation of R.C. 2941.147 and 2905.01(A)(2); and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4).  The court also found appellant guilty of the following offenses with D.D. as the victim: one count of kidnapping with a sexual motivation specification and seven counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(B)(3).

*State v. Ali*, 8th Dist. Cuyahoga No. 88147, 2007-Ohio-3776, ¶ 1-3 ("*Ali I*").

{¶ 3}   Ali was classified as a sexual predator on April 10, 2006.  On April 12, 2006, the trial court sentenced Ali to:

> The court imposes a prison sentence at the Lorain Correctional Institution of life.  Sentence of four years LCI as to Counts 15, 20, 21, 22, 23, 74 and 77 to be served concurrent with each other but consecutive and prior to the life sentence.  Sentence of life in prison as

to Counts 1, 5, 8, 9 and 10 (life sentences to be served concurrent with each other). Sentence of four years as to all remaining counts to be served concurrent with each other and with the life sentence. Post-release control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28. Jail credit days to date to be calculated by the sheriff.

Journal entry No. 66454218, p.1 (Dec. 17, 2010).[1]

{¶ 4} Ali has filed multiple petitions for postconviction relief including the action from which the following history is extracted:

Ali filed repeated challenges to his convictions and sentence, all of which have been denied or dismissed. *See, e.g.*, *State v. Ali*, 8th Dist. Cuyahoga No. 88147, 2009-Ohio-1233 (application to reopen denied); *State ex rel. Ali v. McMonagle*, 8th Dist. Cuyahoga No. 95059, 2010-Ohio-3514 (writ of mandamus denied); *State v. Ali*, 8th Dist. Cuyahoga No. 97612, 2012-Ohio-2510 (postconviction relief denied); *State v. Ali*, 8th Dist. Cuyahoga No. 99062, 2013-Ohio-2696 (postconviction relief dismissed); *State v. Ali*, 8th Dist. Cuyahoga No. 101129, 2014-Ohio-4478 (postconviction relief denied); *State ex rel. Ali v. Clancy*, 8th Dist. Cuyahoga No. 103328, 2015-Ohio-4594 (mandamus dismissed and warned of being declared a vexatious litigator).

*State v. Ali*, 8th Dist. Cuyahoga No. 105534, 2017-Ohio-6894, ¶ 2.

{¶ 5} Ali filed the "motion to vacate an unlawful void sentence" in the instant action on February 13, 2020. The trial court issued a summary denial

---

[1] The cited journal entry recited the prior sentence findings and resentenced Ali due to not being properly advised of postrelease control.

February 24, 2020.[2] Ali filed a notice of appeal on March 5, 2020. Ali presents a single assignment of error for review:

> The trial court erred in denying defendant's motion to vacate illegal void sentence where defendant's sentence is void as a matter of law because the conviction, as identified by the trial court, is not a lesser included offense of rape R.C. 2907.02 as contained in Counts 15, 21, 22, 23, 74, and 77 of the indictment.

{¶ 6} Ali's motion to vacate is a petition for postconviction relief under R.C. 2953.21(A)(1) because it (1) was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997); *see also State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473, ¶ 8.

{¶ 7} R.C. 2953.21 through 2953.23 set forth how a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his

---

[2] "It is well settled that trial courts are not automatically required to conduct an evidentiary hearing whenever a petition for postconviction relief is filed." (Citations omitted.) *State v. Nash*, 8th Dist. Cuyahoga No. 87635, 2006-Ohio-5925, ¶ 6. "The pivotal concern is whether there are substantive constitutional grounds for relief that would warrant a hearing based on the petition, the supporting affidavits and materials, and the record." *Id.*, citing *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980).

conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition, however, does not provide a petitioner a second opportunity to litigate the conviction. *State v. Hessler*, 10th Dist. Franklin No. 01 AP-1011, 2002-Ohio-3321, ¶ 32.

{¶ 8} Typically, a reviewing court reviews a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. *State v. Gondor* at ¶ 58. However, whether the trial court possessed subject matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which appellate courts review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

{¶ 9} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed. Here, Ali filed his petition approximately 14 years later. Thus, his petition is untimely. Furthermore, this is certainly not Ali's first petition for postconviction relief in this case.

{¶ 10} Because the timeliness and successive-petition requirements of R.C. 2953.23 are jurisdictional, a trial court does not have jurisdiction to entertain an untimely or successive petition for postconviction relief that does not meet the

exceptions set forth in R.C. 2953.23(A).  *See State v. Kleyman*, 8th Dist. Cuyahoga No. 93896, 2010-Ohio-3612, ¶ 35.

{¶ 11}  R.C. 2953.23(A)(1)(a) permits a trial court to entertain an untimely or successive petition only if:

> (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.

{¶ 12}  If the petitioner can satisfy one of these threshold conditions, he or she must then demonstrate that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted.  R.C. 2953.23(A)(1)(b).

{¶ 13}  Thus, Ali must show that he was unavoidably prevented from discovering the facts upon which he relied in his petition, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him.  And, if one of those applies, Ali must demonstrate that but for constitutional error at trial, no reasonable factfinder would have found him guilty.  If Ali cannot make these showings, the trial court was without jurisdiction to consider his petition for postconviction relief.

{¶ 14}  Ali does not allege, let alone establish, any of the requirements necessary to bring an untimely petition for postconviction relief.  Specifically, Ali does not claim that he was unavoidably prevented from discovering facts upon which he relied in his petition or that the United States Supreme Court has

recognized a new federal or state right that applies retroactively to him. Even if Ali had met one of the threshold conditions, he does not claim that but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted.

{¶ 15} Ali argues that his petition is timely because his sentence is void, and he can challenge a void sentence at any time. However, the Ohio Supreme Court recently realigned its void-sentence jurisprudence in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. The Ohio Supreme Court made clear that if a sentencing court had jurisdiction over the case and the defendant, sentencing errors are voidable, not void, and can be challenged only on direct appeal. *Henderson* at ¶ 24.

{¶ 16} The sentencing court here had jurisdiction over Ali's case and over Ali. R.C. 2931.03; *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("a common pleas court has subject-matter jurisdiction over felony cases."). Any sentencing error would therefore be voidable, not void. Ali is limited to challenging his voidable sentence via a direct appeal; under the Ohio Supreme Court's current jurisprudence, he cannot challenge the sentence at any time like he claims.

{¶ 17} Ali's motion to vacate his sentence is a successive and untimely petition for postconviction relief. No exception in R.C. 2953.23(A)(1) applies to allow the trial court to entertain his untimely and successive petition: the record

does not establish that Ali meets the threshold requirements of showing that he was unavoidably prevented from discovering the facts upon which he relied in his petition or that the United States Supreme Court has recognized a new right that would apply retroactively to him. Accordingly, the trial court lacked jurisdiction to consider Ali's untimely and successive petition for postconviction relief.

{¶ 18} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR