[Cite as *State v. Ali*, 2021-Ohio-4303.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

                                     No. 110624

    v.                          :

OSIRIS ALI,                             :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 9, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-05-465969-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Osiris Ali, *pro se.*

EILEEN T. GALLAGHER, J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

**{¶ 2}** Defendant-appellant, Osiris Ali ("Ali"), appeals pro se from the trial court's denial of his pro se motion to correct a void sentence. He raises the following assignment of error for review:

> The trial court erred in denying defendant's motion to void sentence where defendant's sentence is void as a matter of law.

**{¶ 3}** After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

**{¶ 4}** In May 2005, Ali was named in a 79-count indictment, charging him with various counts of rape, gross sexual imposition, kidnapping, and unlawful sexual conduct with a minor. The indictment stemmed from allegations that Ali sexually abused his minor adopted sister and his minor niece between December 2002 and May 2005.

**{¶ 5}** The matter proceeded to a bench trial in February 2006. At the conclusion of trial, Ali was found guilty of four counts of rape of a person under 13 years of age with force specifications; one count of rape of a person under 13 years of age (no force specification); seven counts of kidnapping with sexual motivation specifications; seven counts of unlawful sexual conduct with a minor; and one count of gross sexual imposition.

**{¶ 6}** In April 2006, Ali was classified as a sexual predator and sentenced to life in prison.

{¶ 7} This court affirmed his convictions and sentence in *State v. Ali*, 8th Dist. Cuyahoga No. 88147, 2007-Ohio-3776, *appeal not accepted*, 122 Ohio St.3d 1458, 2009-Ohio-3131, 908 N.E.2d 947. Ali has since filed numerous challenges to his convictions and sentence, all of which have been denied or dismissed. *See, e.g., State v. Ali*, 8th Dist. Cuyahoga No. 88147, 2009-Ohio-1233 (application to reopen denied); *State ex rel. Ali v. McMonagle*, 8th Dist. Cuyahoga No. 95059, 2010-Ohio-3514 (writ of mandamus denied); *State v. Ali,* 8th Dist. Cuyahoga No. 97612, 2012-Ohio-2510 (postconviction relief denied); *State v. Ali*, 8th Dist. Cuyahoga No. 99062, 2013-Ohio-2696 (postconviction relief dismissed); *State v. Ali*, 8th Dist. Cuyahoga No. 101129, 2014-Ohio-4478 (postconviction relief denied); *State ex rel. Ali v. Clancy*, 8th Dist. Cuyahoga No. 103328, 2015-Ohio-4594 (mandamus dismissed and warned of being declared a vexatious litigator); *State v. Ali*, 8th Dist. Cuyahoga No. 105534, 2017-Ohio-6894 (denial of motion to vacate a void sentence pursuant to Crim.R. 6(C) and (F) and R.C. 2939.22); *State v. Ali*, 8th Dist. Cuyahoga No. 109580, 2021-Ohio-1085 (denial of motion to vacate an unlawful void sentence).

{¶ 8} Notwithstanding his previously unsuccessful efforts, Ali filed a pro se motion to correct a void sentence in May 2021. The trial court summarily denied the motion in June 2021. Ali now appeals from the trial court's judgment.

## II. Law and Analysis

{¶ 9} In his sole assignment of error, Ali argues the trial court erred by denying his motion to correct his void sentence. Ali contends that his sentence is

facially invalid because "the court failed to include parole eligibility in his sentence as required by the relevant sentencing statute in effect when he was sentenced in 2006." Ali suggests that he should have been sentenced to life with the possibility of parole after serving ten years in prison.[1]

{¶ 10} Ali's motion to vacate is a petition for postconviction relief under R.C. 2953.21(A)(1) because it (1) was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997); *see also State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473, ¶ 8.

{¶ 11} Typically, a reviewing court reviews a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. However, whether the trial court possessed subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which appellate courts review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

{¶ 12} As he has previously argued, Ali maintains that he is not barred from challenging his sentence because a void sentence can be challenged at any time. Again, we reiterate that the Ohio Supreme Court has realigned its void-sentence jurisprudence, making clear that if a sentencing court had jurisdiction over the case

---

[1] We note that Ali's sentence, which was imposed pursuant to R.C. 2907.02(B), is separate and distinct from the parole eligibility mandates set forth under R.C. 2967.13.

and the defendant, sentencing errors are voidable, not void, and can be challenged only on direct appeal. *See State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776.

{¶ 13} Consistent with our holding in *Ali*, 8th Dist. Cuyahoga No. 109580, 2021-Ohio-1085, we emphasize that the sentencing court here had jurisdiction over Ali and his felony case. R.C. 2931.03; *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases."). Any sentencing error would therefore be voidable, not void. Ali is limited to challenging his voidable sentence via a direct appeal; under the Ohio Supreme Court's current jurisprudence, he cannot challenge the sentence at any time like he claims. Because the trial court lacked jurisdiction to consider Ali's untimely and successive petition for postconviction relief, the court did not err by summarily denying Ali's motion to correct his sentence.

{¶ 14} Ali's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
LISA B. FORBES, J., CONCUR