[Cite as *State v. Majid*, 2022-Ohio-189.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :

                                     No. 110560

    v.                                :

ARIF MAJID,                              :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 27, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-05-474447-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Arif Majid, *pro se.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Appellant Arif Majid ("Majid") appeals the trial court's denial of his motion to correct sentence unauthorized by law. Upon review, we affirm the decision of the trial court.

**Background**

{¶ 2} In May 2011, following a retrial, Majid was convicted on one count of murder and two counts of attempted murder, each with firearm specifications, and one count of having weapons while under disability. Majid was sentenced to 18 years to life on Count 1 (consisting of 3 years on the firearm specification run prior to and consecutive with 15 years to life on the base count), 10 years on each of Counts 2 and 3, and 5 years on Count 4, with all counts run consecutive to each other for a total aggregate term of 43 years to life. In March 2012, on appeal, this court affirmed in part but reversed in part because the trial court "neglected to impose sentences on each of the firearm specifications for which [Majid] was convicted." *State v. Majid*, 8th Dist. Cuyahoga No. 96855, 2012-Ohio-1192, ¶ 104-108. The case was remanded to the trial court "for the limited purpose of resentencing [Majid] as to each of the firearm specifications." *Id.* at ¶ 107.

{¶ 3} In December 2012, the trial court resentenced Majid. Majid was present with counsel. The trial court imposed the same sentence on each count for a total aggregate prison term of 43 years to life, which included the three-year prison term on the firearm specification in Count 1 to run prior to and consecutive with the underlying prison term of 15 years to life on that count. The resentencing was limited to merging all firearm specifications into the single three-year firearm specification on Count 1. Majid did not appeal his resentencing.

{¶ 4} After filing several unsuccessful postconviction motions, on February 26, 2021, Majid filed a motion to correct sentence unauthorized by law. The trial court denied the motion on May 4, 2021, and this appeal followed.

**Assignments of Error**

{¶ 5} On appeal, Majid raises five assignments of error challenging his sentence. Under his assignments of error, Majid argues his constitutional rights were violated because (1) he was sentenced outside the statutory range; (2) the court failed to provide a de novo sentencing hearing in his presence; (3) he was sentenced to prison terms already served; (4) the trial court sentenced him to consecutive terms without strictly complying with Ohio sentencing statutes; and (5) the trial court applied no legal analysis in considering whether his convictions merge as allied offenses of similar import.

**Law and Analysis**

{¶ 6} Majid's motion to correct sentence unauthorized by law is a petition for postconviction relief under R.C. 2953.21(A)(1) because it (1) was filed subsequent to a direct appeal; (2) claimed a denial of constitutional rights; (3) sought to render the judgment void; and (4) asked for a vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 1997-Ohio 304, 679 N.E.2d 1131; *see also State v. Ali*, 8th Dist. Cuyahoga No. 110624, 2021-Ohio-4303, ¶ 10. Whether the trial court possessed subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which we review de novo. *Ali* at ¶ 11,

citing *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

{¶ 7} In this appeal, Majid raises various constitutional challenges to his sentence and claims the trial court disregarded statutory mandates and imposed a sentence that is unlawful, contrary to law, and statutorily void. Majid's claims were not timely raised in a direct appeal.

{¶ 8} In *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, the Supreme Court of Ohio realigned its precedent with the traditional understanding of what constitutes a void judgment. *Harper* at ¶ 4; *Henderson* at ¶ 34. The court did so to "restore predictability and finality to trial-court judgments and criminal sentences." *Henderson* at ¶ 33. As explained in *Henderson*, "[a] void judgment is rendered by a court without jurisdiction. * * * A voidable judgment is one pronounced by a court with jurisdiction." *Id.* at ¶ 17. If a judgment is void, "[i]t is a mere nullity and can be disregarded" and "[i]t can be attacked in collateral proceedings." *Id.*, citing *Tari v. State*, 117 Ohio St. 481, 494, 159 N.E. 594 (1927).

{¶ 9} In *Harper,* the Supreme Court of Ohio returned to the traditional view and held that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." *Id.* at ¶ 4. In *Henderson*, the court recognized *Harper* involved the

imposition of postrelease control and did not involve a case in which a trial court deviated from a statutory mandate. *Id.* at ¶ 27. The court made clear "that sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term" and that "[a] sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Henderson* at ¶ 27.

{¶ 10} Recently, in *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, Slip Opinion No. 2021-Ohio-4453, the Supreme Court of Ohio recognized its clarification of what constitutes a void sentence in *Henderson*, but adhered to the Supreme Court of the United States decision in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), which declared a Sixth Amendment right-to-counsel violation results in the court's loss of jurisdiction and renders an associated conviction void. *Ogle* at ¶ 12-13.

{¶ 11} In *Zerbst*, the Supreme Court of the United States recognized that "[s]ince the Sixth Amendment constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty." *Id.* at 467. Therefore, if the accused is not represented by counsel and has not competently and intelligently waived his constitutional right, then "the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty." *Id.* at 468. When the Sixth

Amendment requirement is not complied with, "the court no longer has jurisdiction to proceed" and "[t]he judgment of conviction pronounced by a court *without jurisdiction* is void * * *." (Emphasis added.) *Id.* The Supreme Court of the United States has limited collateral attacks on prior convictions to the "unique constitutional defect" presented in *Zerbst* that rose "to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." *Custis v. United States*, 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (holding a violation of the Sixth Amendment right to counsel is the sole exception to the general rule against collateral attacks upon state convictions).

{¶ 12} Here, Majid was represented by counsel and the trial court had jurisdiction to proceed with resentencing Majid on the firearm specifications. *Henderson* and *Harper* remain controlling authority. *Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776; *Harper,* 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

{¶ 13} Accordingly, because the sentencing court had subject-matter jurisdiction over the case and personal jurisdiction over Majid, any sentencing error would render the sentence voidable, not void. *See State v. Stansell*, 8th Dist. Cuyahoga No. 109023, 2021-Ohio-2036, ¶ 7. Moreover, any error in the imposition of sentence rendered the sentence voidable and not subject to collateral attack in a postconviction proceeding. *See State v. Sailor*, 8th Dist. Cuyahoga No. 109459, 2021-Ohio-2277, ¶ 23; *see also State v. Stewart*, 8th Dist. Cuyahoga No. 109498, 2020-Ohio-6743, ¶ 5, citing *Henderson* at ¶ 43.

**{¶ 14}** Therefore, Majid was limited to challenging his sentence via a direct appeal and the trial court lacked jurisdiction to consider his untimely petition for postconviction relief. *See Ali*, 8th Dist. Cuyahoga No. 110624, 2021-Ohio-4303, at ¶ 13. The trial court did not err by summarily denying Majid's motion to correct sentence. The assignments of error are overruled.

**{¶ 15}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MARY J. BOYLE, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR