[Cite as *State v. Jones*, 2022-Ohio-1839.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110750 |
| v. | : | |
| LEE JONES, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 2, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-08-515076-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellee.*

Lee Jones, *pro se.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Lee Jones ("Jones"), who is serving a 50-year aggregate term of imprisonment for multiple rape convictions, appeals the trial

court's decision denying his "motion to vacate or set aside judgment of conviction or sentence." For the reasons set forth below, we affirm.

## Procedural and Factual History

{¶ 2} Jones has spent many years litigating his convictions, but for judicial clarity, the facts relevant to this appeal are briefly summarized as follows.

{¶ 3} On November 5, 2008, Jones, pursuant to a plea agreement with the state of Ohio (the "state") entered guilty pleas to one count rape and one count of kidnapping. The remaining count of felonious assault was dismissed. On December 12, 2008, the trial court sentenced Jones to prison terms of ten years on each count. The trial court ordered Jones to serve the sentences concurrently, but consecutively to his 30-years prison sentences in unrelated cases Cuyahoga C.P. Nos. CR-07-504454-A and CR-08-514849-A, for a total sentence of 40 years in all cases.[1]

{¶ 4} Jones did not file a direct appeal of his conviction or sentence. However, on May 9, 2019, more than ten years after sentencing, Jones filed a motion to withdraw his guilty pleas, wherein he argued that he "was forced and/or coerced into accepting the State's plea offer without fully understanding the nature of his plea and the penalty attached to the plea." Jones referenced his mental handicap and learning disability and suggested that his trial attorney inaccurately represented that he would receive probation, if he accepted the state's plea offer.

___

[1] In 2016, Jones was sentenced in an unrelated case to ten years for another rape, to be served consecutively to the 40 years.

**{¶ 5}** In support of his claims, Jones submitted affidavits from himself; his mother, Carrie Jones ("Carrie"); and his brother, Freddie Jones ("Freddie"). The affidavits centrally alleged that (1) trial counsel misled Jones, Carrie, and Freddie to believe Jones would be sentenced "to 2-3 years of probation"; (2) Jones is "mentally challenged"; and (3) Jones wished to proceed with a trial but pleaded guilty due to trial counsel's "false promises."

**{¶ 6}** On May 21, 2019, the trial court denied Jones' motion. Jones appealed the trial court's decision, but we dismissed the appeal as untimely.

**{¶ 7}** On September 11, 2019, Jones filed a "petition to vacate or set aside judgment of conviction or sentence" and realleged that trial counsel inaccurately advised him that he would receive probation if he accepted the state's plea offer. Jones reattached the previous affidavits from himself, Carrie, and Freddie, albeit notarized on a different day.

**{¶ 8}** On September 17, 2019, the trial court denied Jones' petition. On June 29, 2020, Jones appealed the trial court's decision. On July 17, 2020, we dismissed Jones' appeal as untimely.

**{¶ 9}** Thereafter, on July 8, 2021, Jones file another motion to "vacate or set aside judgment of conviction or sentence." The motion contained the same allegations and the same affidavits. On July 19, 2021, the trial court denied Jones' the petition as untimely and, one where no exception applied.

**{¶ 10}** Jones now appeals and assigns the following two errors for review:

## Assignment of Error No. 1

The trial court abused its discretion when it denied appellant's postconviction petition in violation of the fifth, sixth, and fourteenth amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

## Assignment of Error No. 2

The trial court erred when it denied appellant's postconviction relief petition pursuant to R.C. 2953.21 and R.C. 2953.23 without conducting an evidentiary hearing, where appellant presented sufficient facts to support the aforementioned petition.

## Law and Analysis

{¶ 11} For ease of discussion, we will address both assignments of error together. Collectively, Jones argues the trial court abused its discretion when it denied his petition for postconviction relief without conducting a hearing.

{¶ 12} Generally, a reviewing court reviews a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. *State v. Ali*, 8th Dist. Cuyahoga No. 109580, 2021-Ohio-1085, ¶ 8, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. The term "abuse of discretion" connotes more than error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). However, whether the trial court possessed subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which appellate courts review de novo. *Ali* at ¶ 8, citing *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

{¶ 13} Preliminarily, as outlined in the summary of facts and procedural history, Jones did not file a direct appeal from his conviction and sentence, but subsequently filed three separate actions attempting to overturn his convictions.

{¶ 14} Under the doctrine of res judicata,

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal of that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 15} In short, the doctrine of res judicata excludes subsequent actions or postconviction petitions involving the same legal theory of recovery as the previous action or petition as well as claims which could have been presented in the first action or postconviction petition. *State v. Sawyer*, 8th Dist. Cuyahoga No. 91946, 2009-Ohio-2391, ¶ 19, *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982).

{¶ 16} Here, regardless of framing or styling, all three previous actions raised the exact arguments, had identical affidavits attached, and were all ruled on by the trial court. Importantly, because all of Jones' sundry filings involved matters that were or could have been raised in a direct appeal, he is now precluded by res judicata from again raising these issues.

{¶ 17} We also find that Jones' petition was untimely. The trial court's journal entry stated that the "[p]etition for postconviction relief was filed outside the

time limit set in R.C. 2953.21(A)(2), and no exception under R.C. 2953.23 applies. Therefore, the Court lacks jurisdiction to consider the petition for postconviction relief."

{¶ 18} Pursuant to R.C. 2953.21(A)(2), if no direct appeal is filed, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." *Id.* As noted previously, Jones pled guilty in November 2008, the trial court sentenced him in December 2008, and Jones did not file a direct appeal. Jones' current petition was not filed until July 2021, nearly 13 years later. As such, there is no dispute the petition is untimely.

{¶ 19} We further note, a convicted defendant may not file an untimely or successive petition unless the defendant meets a high burden of demonstrating the "specific, limited circumstances" of R.C. 2953.23(A). *Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, at ¶ 22.

{¶ 20} Specifically, R.C. 2953.23(A) provides:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to

persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

{¶ 21} Indeed, none of the exceptions contained in R.C. 2953.23(A), quoted above, applies in this case. In addition, Jones is not claiming that there was a new United States Supreme Court case recognizing a federal or state right that applies retroactively. Further, there was no DNA testing providing new evidence of actual innocence. Therefore, the trial court properly denied Jones' untimely motion.

{¶ 22} Finally, a trial court may dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. *State v. Osborn*, 8th Dist. Cuyahoga No. 107423, 2019-Ohio-2325, ¶ 30, citing *State v. Szefcyk*, 77 Ohio St. 3d 93, 671 N.E.2d 233 (1996), syllabus. "Res judicata is applicable in all postconviction relief proceedings." *Id.*, citing *Szefcyk* at 95.

{¶ 23} On the record before us, we find that the petition was untimely, that none of the exceptions contained in R.C. 2953.23(A) applied, and that the claims therein are all barred under the doctrine of res judicata. As such the trial court did not err when it dismissed the petition without conducting an evidentiary hearing.

{¶ 24} Accordingly, we overrule both assignments of error.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
SYLVIA S. HENDON, J.,* CONCUR

*(Sitting by assignment: Sylvia S. Hendon, J., retired, of the First District Court of Appeals.)